MALVIN WOODWARD V. THE STATE.

No. 8203. Decided March 26, 1924.

**Unlawfully Manufacturing Intoxicating Liquor—Exculpatory Declaration—Circumstantial Evidence.**

Upon trial of unlawfully manufacturing intoxicating liquor, the evidence being only circumstantial and insufficient to sustain the conviction, and ap-

pellant's explanation of the presence of the whisky was not disproved though he named the witness by whom the State could have discredited it, if untrue, does not exclude the hypothesis of innocence, and the evidence as a whole is deemed insufficient to sustain the conviction.

Appeal from the District Court of Brazos.  Tried below before the Honorable W. C. Davis.

Appeal from a conviction of unlawfully manufacturing intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*S. W. Dean,* for appellant.—On question of insufficiency of the evidence: Cramer v. State, 246 S. W. Rep., 380.

*Tom Garrard,* Attorney for the State, and *Grover C. Morris,* Assistant Attorney for the State.

MORROW, PRESIDING JUDGE.—The offense is the unlawful manufacture of intoxicating liquor; punishment fixed at confinement in the penitentiary for one year.

The sheriff and other officers, possessed of a proper warrant, searched the home of the appellant.  In the dwelling were some bottles containing a fluid, which, at the time of the finding, as shown by the State, appellant declared was wine made for medicinal purposes.  The officers declared it was "chock beer," but whether intoxicating was not revealed.  Appellant's home was on a farm.  In a cotton patch, not under the control of appellant and quite a distance from his dwelling, was found a copper boiler with a screw in top, on which a pipe or worm might have been attached.  No worm was discovered however.  In the boiler was some liquid, probably mash.  The bottom of the boiler was smoked.  The day was warm and the mash or mixture smelled sour.  It was exposed to the sun and was warm.  In the hog trough there was a mixture having a sour smell, and there were circumstances indicating that it had been poured from a barrel.  The kitchen floor was wet, apparently having been scoured.  The kitchen fire was burning at about four o'clock in the afternoon.  In some cotton in a cotton house on the premises was a half-pint bottle almost full of whisky.  When the boiler was found, appellant claimed that it had been left there by an old German.  He declared that the sour-smelling stuff at his hog pen was feed for the hogs made of musty meal, purchased by him from a merchant nearby whom he named.  When the bottle of whisky was found, appellant declared he had gotten it from a neighbor, whom he named.  Both the neighbor and the merchant from whom appellant claimed the purchases were made were available but were not used as witnesses.  The smoke on the boiler was not made from sitting on a stove; the kitchen fire was explained

as an incident to scrubbing the floor. The exculpatory declarations mentioned above were apparently res gestae and were introduced in evidence by the State. That is to say, the State proved that at the time the whisky was found, he named the person from whom he got it. The declarations explaining the presence of the boiler, the nature of the sour stuff in the hog trough, the character and purpose of the articles in the bottles found in the house also came from the State witnesses. Appellant and members of his family testified that the articles found were not designed for making whisky.

The evidence being wholly circumstantial is not deemed sufficient to sustain the conviction. The appellant's explanation of the presence of the whisky was not disproved, though he named the witness by whom the State could have discredited it, if untrue. The same condition affects the declaration touching the meal purchased by him. The boiler was remote from his home and was one of the several parts of a still. The other parts necessary to complete the apparatus for making whisky were not found. The State's evidence unexplained, does not exclude the hypothesis of innocence; and taken in connection with the declarations proved by the State, compatible with innocence and explanatory of the suspicious circumstances, the evidence as a whole is deemed inadequate to meet the requirements of the law of circumstantial evidence.

The bill of exceptions complaining of the receipt in evidence of the declarations of appellant is incomplete in that it does not state what the declarations were. At the time they were made, he seems to have been in custody. Whether they were all res gestae we cannot, in view of the defects in the bill, undertake to decide. We are inclined to the view, however, that the evidence received was proper.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*